**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1835
_____

JULIANA RODRIGUEZ-MEJIA DE CALO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A206-308-225
Immigration Judge: John P. Ellington
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 16, 2022


Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Opinion filed: January 11, 2023)
_____

OPINION*
_____


**McKEE**, *Circuit Judge*:

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Juliana Rodriguez-Mejia De Calo ("Rodriguez-Mejia") seeks review of the Board of Immigration Appeals' denial of her application for withholding of removal and relief under the Convention Against Torture. An Immigration Judge denied Rodriguez-Mejia's petition because it found Rodriguez-Mejia did not testify credibly and did not meet her burden of proof for withholding of removal and protection under the CAT. The BIA presumed that Rodriguez-Mejia was credible but affirmed the IJ's holding that Rodriguez-Mejia did not meet her burden of proof for withholding of removal and protection under the CAT. We will assume that Rodriguez-Mejia's testimony was credible because the BIA expressly declined to reach the IJ's adverse credibility determination.[1] Despite Rodriguez-Mejia's credible fear of returning to Guatemala, we have no choice but to affirm the BIA's decision and deny the petition for review because of our deferential standard of review.[2]

**I.**

Rodriguez-Mejia is a citizen of Guatemala. For several years, gang members repeatedly threatened Rodriguez-Mejia and her son, Oliver, because he refused to join their gang. They told Oliver "[t]hat if he did not work with them, they would kill his whole family."[3] Gang members also beat Oliver, fracturing his head and arm, and pushed Rodriguez-Mejia to the ground. Because she was afraid to file a complaint, Rodriguez-Mejia did not make any reports to the police.

---

[1] *Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009).
[2] We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a)(1).
[3] AR 143.

Rodriguez-Mejia and Oliver attempted to escape the gangs by relocating to Santa Lucia, a Guatemalan town six or seven hours from their home. Gang members found them in Santa Lucia and tried to abduct Oliver while they were in a store. The police were also in the store at the time and Rodriguez-Mejia asked the officers for help. The police intervened and took Oliver to Rodriguez-Mejia's sister-in-law's house, but they "didn't do anything" to the gang members.[4]

In 2016, after the attempted abduction, Rodriguez-Mejia and Oliver moved to the United States to escape the threats from gang members. Approximately ten months after moving to the United States, gang members killed Rodriguez-Mejia's cousin in Guatemala because he would not disclose Rodriguez-Mejia's and Oliver's whereabouts.

## II.

If the BIA "'affirmed and partially reiterated' the IJ's determinations, we review both decisions."[5] "If the BIA relied on only some of the grounds given for denying relief, we review only those grounds."[6] "In reviewing decisions of the BIA, this Court applies a deferential standard of review."[7] While we review legal determinations de novo,[8] "factual findings are subject to substantial-evidence review and may not be set aside 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'"[9]

---

[4] AR 147–48.

[5] *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020) (quoting *Sandie*, 562 F.3d at 250).

[6] *Id.*

[7] *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006).

[8] *Blanco*, 967 F.3d at 310.

[9] *Galeas Figueroa v. Att'y Gen.*, 998 F.3d 77, 91 (3d Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

To be entitled to withholding of removal, "an applicant must prove that it is more likely than not that he or she will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to a particular country."[10] Persecution, however, is not established by harm alone nor by a likelihood of future harm. In addition, "the government must also be complicit to some degree in the harm through either act or omission."[11] Thus, the applicant must establish that "the government was 'unable or unwilling to control' the individual or group that committed the harm."[12] The BIA's determination as to whether an applicant has proven government complicity is a finding of fact that is subject to substantial-evidence review.[13]

The BIA affirmed the IJ's finding that Rodriguez-Mejia did not establish persecution by gangs that the Guatemalan government was unable or unwilling to control. The BIA explained that when gang members attempted to abduct Rodriguez-Mejia's son, "police intervened to protect her son, thus indicating that authorities were both willing and able to protect her son."[14] Rodriguez-Mejia argues that the police's failure to arrest the gang members who tried to abduct her son, as well as country conditions that indicate corruption within the police force, establishes that the BIA erred in finding the police were willing and able to protect her son.

---

[10] *Id.* at 86.

[11] *Id.* at 86 & n.5.

[12] *Id.* at 87 (quoting *Valdiviezo-Galdamez v. Att'y Gen.*, 502 F.3d 285, 288 (3d Cir. 2007)).

[13] *Id.* at 91.

[14] AR 4.

Although the police failed to arrest the gang members, they successfully thwarted Oliver's abduction and were responsive to Rodriguez-Mejia's request for assistance. We understand Rodriguez-Mejia's argument to the contrary, but this record simply does not allow us to reverse the BIA's conclusion that she did not establish the required acquiescence or complicity. "[I]f a government is willing and able to afford some protection to an individual against harms inflicted by private actors, then that government is not sufficiently complicit in the private conduct for those acts to constitute persecution for purposes of relief from removal."[15] Rodriguez-Mejia's focus on general corruption in the police force is not enough to allow us to ignore the BIA's finding and conclude that the police are unwilling to intervene in gang operations. Moreover, "a government's inability or unwillingness to control a violent group as a general matter does not necessarily mean that the government cannot or will not protect the specific applicant."[16] Because substantial evidence supports the BIA's conclusion that Rodriguez-Mejia did not establish that the Guatemalan government would be complicit in the harm caused by gang members, we must affirm the BIA's denial of Rodriguez-Mejia's application for withholding of removal.

To succeed on a CAT claim, an applicant must establish government acquiescence to the torture she fears.[17] "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and

---

[15] *Galeas*, 998 F.3d at 90.
[16] *Id.* at 89.
[17] *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017).

thereafter breach his or her legal responsibility to intervene to prevent such activity."[18] Determining whether an applicant has established acquiescence involves a two-prong inquiry. The first prong involves a factual finding as to how public officials will likely act in response to the harm the applicant fears.[19] As previously discussed, the BIA found that when Rodriguez-Mejia requested the assistance of the police, the officers intervened to protect her son. Substantial evidence supports the BIA's conclusion that the government would not acquiesce to Rodriguez-Mejia's torture. We must therefore affirm the BIA's denial of Rodriguez-Mejia's application for protection under the CAT.

## III.

Although we are sympathetic to the very real dangers posed by gangs in Guatemala, for the above reasons, we must deny Rodriguez-Mejia's petition for review.

---

[18] 8 C.F.R. § 1208.18(a)(7).
[19] *Myrie*, 855 F.3d at 516.